## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TROY REESE, #76368-066,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | Case No. 20-cv-00650-JPG |
| ) | |
| D. SPROUL ) | |
| and MRS. DAWN,  ) | |
| ) | |
| Defendants.  ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Troy Reese, an inmate in the Federal Bureau of Prisons ("BOP") who is currently incarcerated at the United States Penitentiary located in Marion, Illinois, brings this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  In the Complaint, he challenges the BOP's decision to deny compassionate release to sex offenders on equal protection and due process grounds. (Doc. 1, p. 6).  He also challenges the conditions of his confinement since USP-Marion placed inmates on lockdown for 23-hours per day in April 2020 to prevent the spread of coronavirus at the facility. (*Id*.).  Plaintiff asserts that his placement in a three-person cell increases the chances of infection and has a negative impact on his mental health.  (*Id*.).  He seeks equal treatment, early release, and money damages. (*Id*. at 7).

The Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.

28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The following allegations are set forth in the Complaint: Plaintiff challenges the BOP's handling of compassionate release petitions.  (Doc. 1, p. 6).  According to Plaintiff, the BOP routinely denies petitions filed by sex offenders, while granting petitions filed by high-profile, politically-tied, famous, and/or wealthy inmates, such as "Cohen," "Manaford," and "Kilpatrick."[1] (*Id.*).  Plaintiff acknowledges that the BOP has also granted compassionate release to drug dealers, murderers, and rapists.  However, other sex offenders are routinely denied compassionate release, and this denial violates his right to equal protection and due process of the law under the Fifth Amendment.  (*Id.*).

Plaintiff further claims that placement in a three-man cell at USP-Marion for 23 hours/day since April 2020 has jeopardized his health and safety.  Inmates are unable to stay six feet apart in this setting.  Because USP-Marion has had confirmed cases of coronavirus, Plaintiff states that it is only a matter of time before inmates begin dying.  In the meantime, this living arrangement has taken a toll on Plaintiff's mental health and violates his rights under the Eighth Amendment.  (*Id.*).

Based on the allegations in the Complaint, the Court finds it convenient to designate the following enumerated counts in this *pro se* action:

**Count 1:**   Fifth Amendment equal protection and/or due process claim against Defendants for routinely denying sex offenders' petitions for compassionate release in favor of high-profile inmates, drug dealers, murderers, and rapists.

---

[1] Plaintiff provides no first names for these individuals, but he appears to be referring to Michael Cohen, Paul Manafort, Jr., and Kwame Kilpatrick. (Doc. 1, p. 6).

>   **Count 2:**   Eighth Amendment claim against Defendants for subjecting Plaintiff to conditions of confinement posing a serious risk of physical and/or emotional harm caused by coronavirus-related lockdowns.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Discussion

The Court must evaluate the substance of Plaintiff's claims to determine whether he has invoked the correct statute when bringing this action pursuant to 28 U.S.C. § 1331. *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002). Plaintiff seeks early release and money damages. The Court cannot grant both forms of relief in this action.

A request for release from incarceration cannot be granted under 28 U.S.C. § 1331 or *Bivens*. A petition for writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Plaintiff may file a federal habeas petition under 28 U.S.C. § 2241 in the district of his confinement (*i.e.*, currently this federal judicial district). Alternatively, Plaintiff may file a motion for compassionate release pursuant to Title VI, Section 603(b) of the First Step Act of 2018 in his underlying criminal case in the federal judicial district where the criminal case was brought. However, he cannot file the motion until first "exhaust[ing] all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier."

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

A request for money damages based on unconstitutional conditions of confinement can generally be brought in a civil rights action. *See Graham*, 922 F.2d at 381 (If a prisoner is "challenging the conditions rather than the fact of confinement, . . . his remedy is under civil rights law."); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Plaintiff invoked Section 1331 and *Bivens* to challenge the BOP's procedures for compassionate release and the conditions of his confinement. *Bivens* provides an implied damages remedy for a limited group of constitutional deprivations caused by persons acting under color of federal authority. Whether Plaintiff can pursue Counts 1 and/or 2 remains to be seen. In *Ziglar v. Abbasi*, 137 U.S. 1843 (2017), the Supreme Court held that federal courts should not expand *Bivens* into contexts not officially recognized by the Supreme Court, unless certain "special factors" counsel otherwise. *Ziglar*, 137 U.S. at 1859-60. The Court cited three instances in which a *Bivens* remedy should be recognized against federal officials: (1) Fourth Amendment claims involving unlawful searches and seizures; (2) Fifth Amendment due process claims involving gender discrimination; and (3) Eighth Amendment claims for inadequate medical treatment. *Ziglar*, 137 U.S. at 1854-55 (citations omitted). Whether this remedy is available for Plaintiff is not clear.

At this stage, the allegations support no claim against the defendants. To do so, the plaintiff must establish that he was deprived of a constitutionally protected right by a defendant who acted under color of federal authority. *Ashcroft v. Iqbal*, 556 US. 662, 676 (2009). A government official may not be held liable for the unconstitutional conduct of a subordinate based only on his or her supervisory role in the BOP; the doctrine of *respondeat superior* is inapplicable in this context. *Id*. at 676. A plaintiff must instead plead that each defendant, through the government official's own action or inaction, violated the plaintiff's constitutional rights. *Id*.

Plaintiff has not made this showing. He does not even mention the defendants in his

statement of claim. A plaintiff is required to associate specific defendants with specific claims, so that each defendant is put on notice of the claims brought against him or her and so the defendant can properly answer the complaint. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). Here, the defendants have not been adequately put on notice of which claims in the Complaint, if any, are directed against them. *Id. See also Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (merely invoking the name of a potential defendant not enough to state a claim against an individual). Because Plaintiff asserts no specific allegations against Sproul or Dawn, the Court is unable to evaluate any potential claims against these defendants at this time.

The Complaint fails to state a claim for relief, and it shall be dismissed without prejudice. If Plaintiff wishes to pursue a claim for money damages against either defendant in this *Bivens* action, he may do so according to the deadline and instructions in the below disposition. If he would like to request release from custody, Plaintiff should bring a separate petition for writ of habeas corpus in this federal judicial district or file a petition for compassionate release in his underlying criminal case. This Order does not preclude Plaintiff from pursuing any other form of relief.

## Pending Motions

The Motion for Recruitment of Counsel (Doc. 3) is **DISMISSED without prejudice**. Plaintiff has demonstrated no efforts to find an attorney on his own and has shown that he is capable of litigating this matter without the help of counsel by filing well-organized and coherent pleadings to date.

The Motion for Leave to Proceed *in forma pauperis* cannot be decided until Plaintiff files the trust fund account information required by the Prison Litigation Reform Act.[3] (*See* Doc. 7).

---

[3] Plaintiff filed a trust fund account statement on July 29, 2020, and it is currently under review. (Doc. 8).

Plaintiff's deadline for doing so is currently **August 28, 2020**. (*Id*.). Plaintiff is again **WARNED** that failure to comply with the Court's Order by this deadline shall result in dismiss of this action for failure to follow a court order and/or prosecute his claims. *See* FED. R. CIV. P. 41(b).

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1), including **COUNTS 1** and **2**, are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

If Plaintiff wishes to seek release from custody, he may file a separate habeas action pursuant to 28 U.S.C. § 2241 in the federal judicial district where he is confined.

If Plaintiff wishes to seek compassionate release, he may file a motion for compassionate release pursuant to Section 603(b) of the First Step Act of 2018 in his underlying criminal case.

If Plaintiff wishes to pursue a claim under *Bivens*, he may use a standard civil rights complaint form to file a First Amended Complaint in *this* case. He is **WARNED** that the Court will not screen the First Amended Complaint until Plaintiff has prepaid his full $400.00 filing fee or been granted leave to proceed *in forma pauperis*. Failure to comply with the Court's Order at Doc. 7 by **August 28, 2020**, shall result in dismissal of this action for failure to comply with the court order (Doc. 7) or to prosecute his claims. *See* FED. R. CIV. P. 41(b).

The First Amended Complaint is due in this case on or before **September 1, 2020**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice against that Plaintiff. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the

case number for this action (No. 20-cv-00650-JPG).  An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the Court generally will not accept piecemeal amendments to the original Complaint.  The First Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider along with it.  The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/4/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**