IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TROY REESE, #76368-066,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-00650-JPG |
| | ) |
| **D. SPROUL and** | ) |
| **MRS. DAWN,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On July 2, 2020, Plaintiff filed a Complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). In it, he challenged the Federal Bureau of Prisons' decision to deny compassionate release to sex offenders on equal protection and due process grounds. (*Id*. at 6). He also challenged the conditions of his confinement after USP-Marion placed inmates on lockdown for 23 hours per day in April 2020 to prevent the spread of coronavirus. (*Id*.). His placement in a 3-person cell allegedly increased the chances of infection and mental health issues. (*Id*.). He requested equal treatment, early release, and money damages. (*Id*. at 7). The Complaint did not survive screening under 28 U.S.C. § 1915A, and the Court dismissed it without prejudice on August 5, 2020. (Doc. 9).

However, Plaintiff was granted leave to file a First Amended Complaint on or before September 1, 2020, if he wished to proceed any further with his claims. (Doc. 9, pp. 5-6). He was warned that failure to do so according to the instructions and deadline in the Order Dismissing Complaint would result in dismissal of the action with prejudice and a strike. (*Id*.) (citing FED. R. CIV. P. 41(b); 28 U.S.C. § 1915(g)).

1

Instead of filing a First Amended Complaint, Plaintiff wrote the Court a letter on August 17, 2020. (Doc. 12). In it, he asked the Court to take his claims "[s]eriously." (*Id.*). The Court entered the following Order in response:

> ORDER: On August 17, 2020, Plaintiff filed a letter asking the Court to take his claims "serious[ly]." This was presumably in response to an Order Dismissing Complaint without prejudice and DENYING Plaintiff's Motion for Recruitment of Counsel entered August 5, 2020. The Court dismissed the Complaint because it failed to state any claim upon which relief may be granted. However, Plaintiff was granted permission to file a First Amended Complaint, if he wished to proceed any further with his claims. The deadline for filing the First Amended Complaint is September 1, 2020. Plaintiff should read the Court's Order Dismissing Complaint and follow the instructions set forth therein when amending his complaint. Failure to file a First Amended Complaint according to the instructions and deadline will result in dismissal of the action with prejudice and a strike. See FED. R. CIV. P. 41; 28 U.S.C. 1915(g).

(Doc. 13). The Court reminded Plaintiff that he still had time to file a First Amended Complaint by the deadline of September 1, 2020.

But instead of filing a First Amended Complaint, Plaintiff filed a Motion to Reconsider the Order Dismissing Complaint on September 3, 2020. (Doc. 15). The Court denied it the same day. (Doc. 16). Plaintiff was given additional time to prepare and file a First Amended Complaint by the extended deadline of September 20, 2020. (*Id.*). He was again warned that failure to do so by the deadline would result in dismissal of the action with prejudice and a strike. (*Id.*).

Plaintiff did not file a First Amended Complaint by the extended deadline. He filed another letter entitled, "First Amended Argument." (Doc. 17). In the single page document addressed to the Court, Plaintiff again complained about the denial of compassionate release to sex offenders and claimed this was a denial of equal protection and due process of law. (*Id.*). He also complained of the risk posed by coronavirus and overcrowded conditions. (*Id.*). However, the one-page document included no case caption, designated no defendants, and included no statement of claim. (*Id.*). Although Plaintiff included numerous requests for relief, his requests were for

compassionate release, clemency, and money damages. The first two forms of relief are not available under *Bivens*, and Plaintiff failed to state a claim against individual federal agents to support his request for money damages. (*Id.*). The letter does not qualify as a First Amended Complaint and does not survive Section 1915A review.

Plaintiff has been given numerous opportunities to file a First Amended Complaint, and he has failed to do so. The Court will not allow this matter to linger indefinitely. Accordingly, this action is **DISMISSED** with prejudice for failure to comply with an Order of this Court and for want of prosecution. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, so the fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  November 13, 2020**

                                                      <u>**s/J. Phil Gilbert**</u>
                                                      **J. PHIL GILBERT**
                                                      **U.S. District Judge**